# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOHAMOUD AHMED DERI,** | : | **CIVIL NO. 3:16-CV-2511** |
| **A# 208-686-531,** | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **ALBERTO GONZALES,** *et al.*, | : | |
| | : | |
| Respondents : | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Mohamoud Ahmed Deri ("Deri"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), detained at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on December 21, 2016. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4[1] and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## I. Background

Deri is a native and citizen of Somalia who, upon attempting entry into the United States on November 14, 2015, at the Brownsville, Texas Port of Entry, was apprehended by United States Customs and Border Protection. (Doc. 1, p. 13). On that same day, ICE issued

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

a Notice and Order of Expedited Removal charging Deri with being inadmissible to the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) and placed him in custody. (Id.)

Deri sought Asylum. (Id.) On April 29, 2016, an Immigration Judge ordered him removed from the United States to Somalia and denied his applications for Withholding of Removal, Asylum, and Withholding of Removal under Article III of the Convention Against Torture. (Id.) He waived his right to appeal. (Id.)

A "Decision to Continue Detention" was entered on August 2, 2016. (Id.) At that time, Deri was notified as follows: "If you have not been released or removed from the United States by October 26, 2016, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Custody Review Unit (POCRU), Potomac Center North, 500 12th Street SW, Washington DC 20536. POCRU will make a final determination regarding your custody." (Id.)

Deri filed the instant petition requesting review of the lawfulness of his continued detention "because ICE has been unable to obtain travel documents necessary to deport him to Somalia." (Doc. 1-1, p. 1).

**II.  Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

2

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Custody review Unit ("POCRU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). According to the Decision to Continue Detention, matters are now

referred to the POCRU for further custody review. (Doc. 1, p. 14). Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, jurisdiction to make a determination concerning his custody now lies with the POCRU. Deri has not submitted a written request for release asserting the basis for his belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

III.    Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied without prejudice.

An appropriate Order follows.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:   January 30, 2017